UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:25-CR-98-REW-MAS |
| v. | ) ) | ORDER |
| ANGELA HENSON, | ) ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 10 (Amended Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Angela Henson's guilty plea and adjudge her guilty of the sole count of the Information (DE 4). *See* DE 9 (Recommendation); *see also* DE 8 (Plea Agreement). Judge Stinnett expressly informed Henson of her right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 9 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 9, **ACCEPTS** Henson's guilty plea, and **ADJUDGES** Henson guilty of the sole count of the Information; and

2. The Court will issue a separate sentencing order.[1]

This the 29th day of August, 2025.



Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Stinnett found release appropriate and ordered Henson to be released on her own recognizance. *See* DE 10. Absent an intervening order, Henson will remain released on her own recognizance pending sentencing.